USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ALEXANDER ARCHER BROWN,                                            :
                                                                   :
                                        Plaintiff,                 :        1:25-cv-4883-GHW
                                                                   :
                        -v-                                        :        ORDER
                                                                   :
DESMOND BROWN, *et al.*,                                           :
                                                                   :
                                        Defendants.                :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Plaintiff Alexander Archer Brown commenced this action *pro se* on June 10, 2025.  Dkt. No. 1.  On July 7, 2025, Plaintiff filed an amended complaint Dkt. No. 13.  Plaintiff asserts violations of the Fourteenth Amendment right to familial association, conspiracy to violate civil rights under 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act, as well as numerous state-law claims including defamation, invasion of privacy, fraud, elder abuse, and related torts.  Defendants Apple LLC, Desmond Brown, Trevor Patton, Della Patton, Asia Patton, Marisha Gordon, Lorraine Gordon, Noel Gordon, Google LLC, White Plains Hospital, and North Bronx Seventh-Day Adventist Church all moved to dismiss the complaint.  Dkt. Nos. 24, 54, 56, 58, 62.  Plaintiff filed an omnibus memorandum of law in opposition to Defendants' motions to dismiss on September 18, 2025.  Dkt. No. 68.  Defendants filed their replies on September 24, 2025 and September 25, 2025.  Dkt. Nos. 70–74.

On February 10, 2026, Magistrate Judge Jennifer E. Willis, to whom this case had been referred for general pretrial matters and dispositive motions, issued a thoughtful and well-reasoned report and recommendation on Defendants' motions to dismiss.  Dkt. No. 78 (the "R&R").  Judge Willis recommended that the Court grant Defendants' motions in full.  Specifically, Judge Willis concluded that the amended complaint is frivolous and fails to state any plausible federal claim, and

recommended that all motions to dismiss be granted and that leave to amend be denied as futile.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The R&R specifically stated that "[f]ailure to file objections within fourteen days will result in a waiver of objections . . . ." R&R at 26. The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. Accordingly, Defendants' motions to dismiss are GRANTED. Plaintiff's amended complaint is dismissed without prejudice. Leave to amend is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate all pending motions, close this case, and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: February 25, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2